UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 13-51296 (JAM) |
| | ) | | |
| KERMIT D. ADAMS, SR. AND | ) | | |
| TERRY LEE ADAMS, | ) | CHAPTER | 7 |
| DEBTORS. | ) | | |
| | ) | | |
| WILLIAM K. HARRINGTON, UNITED | ) | | |
| STATES TRUSTEE FOR REGION 2, | ) | ADV. PRO. No. | 14-05064 (JAM) |
| PLAINTIFF. | ) | | |
| v. | ) | | |
| | ) | ECF Nos. | 23, 53, 77 |
| KERMIT D. ADAMS, SR. AND | ) | | |
| TERRY LEE ADAMS, | ) | | |
| DEFENDANTS. | ) | | |

**APPEARANCES**

Holley L. Claiborn, Esq.                    Attorney for the Plaintiff
Office of the United States Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

Ellery E. Plotkin, Esq.                     Attorney for the Defendants
Law Offices of Ellery E. Plotkin, LLC
777 Summer Street, 2nd Floor
Stamford, CT 06901

**MEMORANDUM OF DECISION ON COMPLAINT TO REVOKE DISCHARGE**

**I.    INTRODUCTION**

Before the Court is the Second Amended Complaint (the "Complaint"), of the United States Trustee ("UST"), seeking: (1) a revocation of the discharge granted to Kermit D. Adams Sr. and Terry Lee Adams ("Mr. Adams" and "Mrs. Adams", collectively the "Debtors"); and (2) following revocation, a denial of the Debtors' discharge. Counts One through Four of the Complaint are asserted against the Debtors and allege fraud arising out of their disclosures

related to certain real properties located at 18 and 22 Fort Road, Watch Hill, Rhode Island. Counts Five through Eight of the Complaint are asserted only against Mr. Adams and allege fraud related to disclosures regarding a condominium located at 47 Sherman Hill Road, Woodbury, Connecticut. On September 11, 2015, the parties filed Stipulated Facts for Trial (ECF No. 53). A trial on the merits was held on November 10 and November 12, 2015.

On January 11, 2016, two months after trial, counsel for the Debtors filed a Notice of Deceased Debtor (the "Notice of Death", ECF No. 77), stating that Mr. Adams passed away on January 9, 2016. The Notice of Death was served on the UST and Chapter 7 Trustee, Roberta Napolitano (the "Chapter 7 Trustee"). The Notice of Death was filed in the adversary proceeding and in the Debtors' Chapter 7 case, and was served upon all requisite parties in accordance with Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court must dismiss the Complaint as to Mr. Adams with prejudice because no party or nonparty representative filed a motion to substitute in accordance with the applicable Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

## II. DISCUSSION

When a party in an adversary proceeding dies and the claim against the party is not extinguished upon death, a statement noting the death of the party may be filed. *See* Federal Rule of Civil Procedure 25; Federal Rule of Bankruptcy Procedure 7025. If the statement noting death is filed, it must be served on: (i) parties to the action as provided in Federal Rule of Civil Procedure 5 and Federal Rule of Bankruptcy Procedure 7005; and (ii) nonparties to the action as provided in Federal Rule of Civil Procedure 4 and Federal Rule of Bankruptcy Procedure 7004. Following service of the statement noting death, a motion for substitution of the proper party

must be made within ninety (90) days, or the action must be dismissed with respect to the decedent. *See* Federal Rule of Civil Procedure 25(a)(1); Federal Rule of Bankruptcy Procedure 7025.

Courts have held that an action brought under Bankruptcy Code Section 727 is not extinguished upon the death of the debtor. In the case of *Hawkins v. Eads, et. al. (In re Eads)*, 135 B.R. 380, 385-86 (Bankr. E.D.Cal. 1991), the court found that the death of the debtor defendant did not extinguish: (i) the liquidation case; (ii) a posthumous discharge; or (iii) an adversary proceeding brought pursuant to Bankruptcy Code Section 727(a) objecting to the discharge of the deceased debtor. The court in *KOB Inc. dba West End Material Supply v. Brand (In re Brand)*, 545 B.R. 37 (Bankr. C.D.Cal. 2016), applied the reasoning in *Eads* and held that a Section 727 claim is not extinguished upon the death of a party. Following the reasoning of *Eads* and *Brand*, if a discharge action and an objection to discharge action survive the death of a party, an action to revoke a debtor's discharge also survives the death of a party. Therefore, the instant action for a revocation of discharge was not extinguished upon the death of Mr. Adams.

Because the action is not extinguished, there must be an opportunity to substitute a party for Mr. Adams. As noted above, Federal Rule of Civil Procedure 25 provides the mechanism to do so. However, a motion to substitute a proper party must be "…made within 90 days **after service of a statement noting the death**…". (emphasis added); *see* Federal Rule of Civil Procedure 25(a)(1); Federal Rule of Bankruptcy Procedure 7025. Therefore, the court must examine the Notice of Death to determine if it meets the requirements of Federal Rule of Civil Procedure 25.

**The Notice of Death**

Pursuant to Federal Rule of Civil Procedure 25(a), a party must formally suggest the death of the party upon the record. *Collier* notes that the "statement noting the death should substantially conform to Form 9, contained in the Appendix of Forms to the Federal Rules of Civil Procedure." 10 *Collier on Bankruptcy* ¶ 7025.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Form 9 provides the following example of what suffices as formal language to be utilized in a statement noting the death of a party: "[i]n accordance with Rule 25(a) *name the person,* who is [a party to this action] [a representative of or successor to the deceased party] notes the death during the pendency of this action of *name* [describe as party in this action]." The Notice of Death filed on the docket does substantially conform to Form 9 because it lists the name of the decedent, the date of death, the name of the action, and the parties to the action. Therefore, the Notice of Death complies with the requirements of a "statement noting death" in Federal Rule of Civil Procedure 25.

**Service of the Notice of Death**

Federal Rule of Civil Procedure 25 also requires that the Notice of Death be served on the other parties to the action and nonparty successors or representatives of the decedent in the same manner as is required for service of a motion to substitute. Service on a party in an adversary proceeding is governed by Federal Rule of Civil Procedure 5 and Federal Rule of Bankruptcy Procedure 7005. As of January 11, 2016, the date the Notice of Death was filed, the only remaining parties in the adversary proceeding were the UST and Mrs. Adams. The certification of service accompanying the Notice of Death certifies that it was served upon the UST. Mrs. Adams was also served with the Notice of Death because her counsel filed the Notice of Death on her behalf and on behalf of Mr. Adams. Therefore, all remaining parties in this adversary

proceeding were served in accordance with Federal Rule of Civil Procedure 5 and Federal Rule of Bankruptcy Procedure 7005.

In addition to service on the UST and Mrs. Adams, service of the Notice of Death was also made on the Chapter 7 Trustee, a "nonparty" to the adversary proceeding, in accordance with Federal Rule of Civil Procedure 4 and Federal Rule of Bankruptcy Procedure 7004. Aside from the Chapter 7 Trustee, there were no identifiable nonparties who could have been served with the Notice of Death.

In circumstances where the identity of a possible nonparty representative is not known at the time a statement noting death is served, the United States Court of Appeals for the Second Circuit has held that Federal Rule of Civil Procedure 25 does not require: (i) the identity of the representative to be included on the statement noting death; (ii) decedent's estate to be probated before the statement noting death can be given; or (iii) a representative to be selected before the statement noting death can be given. *Unicorn Tales, Inc. v. Banerjee,* 138 F.3d 467, 470 (2d Cir. 1998). In *Unicorn Tales,* the court relied on the advisory committee notes of the 1963 amendment to Rule 25 in reasoning that the purpose of the rule was to prevent situations where a case was dismissed "because the party never learned of the death of an opposing party." *Id.* Given the Second Circuit's decision in *Unicorn Tales*, there were no additional parties and/or nonparties upon whom service of the Notice of Death should have been made aside from the UST and the Chapter 7 Trustee. Therefore, service of the Notice of Death was made in accordance with Federal Rule of Civil Procedure 25.

The 90-day period during which a motion to substitute could have been filed following the Notice of Death began on January 12, 2016. *See* Federal Rule Civil Procedure 6(a)(1)(A). The 90-day period expired on April 11, 2016. No motion to substitute a proper party or motion

for extension of time to file a motion to substitute was filed on or before April 11, 2016. Therefore, Federal Rule of Civil Procedure 25 and Federal Rule of Bankruptcy Procedure 7025 require the adversary proceeding to be dismissed as to Mr. Adams.

### III. CONCLUSION

Based upon the foregoing, the Complaint must be dismissed as to Mr. Adams with prejudice in accordance with Federal Rule of Civil Procedure 25(a) and Federal Rule of Bankruptcy Procedure 7025. Therefore, it is hereby

**ORDERED** that the Complaint is dismissed as to Mr. Adams with prejudice; and it is further

**ORDERED** that the UST is granted leave to file a third amended complaint against Mrs. Adams on or before December 16, 2016, in accordance with Federal Rule of Civil Procedure 15 and Federal Rule of Bankruptcy Procedure 7015. *See* 6A Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure Civil* § 1494 (3d ed. 1998) (explaining that Federal Rule of Civil Procedure 15 permits amendments to be made throughout the entire period during which the action is in the trial court, including in the course of the trial and after the close of testimony).

Dated at Bridgeport, Connecticut, this 13th day of October, 2016.

*Julie A. Manning*
Julie A. Manning
Chief United States Bankruptcy Judge